UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES DAVID WILLIAMS,

    Plaintiff,

    v.

SCOTT KERNAN, et al.,

    Defendants.

Case No. 17-cv-03538-YGR (PR)

**ORDER OF SERVICE**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the California Training Facility ("CTF"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

His motion for leave to proceed *in forma pauperis* has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred in CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: California Department of Corrections and Rehabilitation ("CDCR") Secretary Scott Kernan; CTF Warden S. Hatton; CTF Correctional Lieutenant V. Khan; CTF Sergeants Kelly and John Doe; CTF Correctional Officers Z. Brown, S. Patterson, and John Doe; and CTF Appeals Coordinator Truett. Plaintiff seeks injunctive relief and monetary damages.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### B. Legal Claims

#### 1. Eighth Amendment Claim

Plaintiff claims that on June 29, 2016, Defendants Brown and Patterson, along with two unidentified prison officials from the Investigative Services Unit ("I.S.U.") (i.e., "John Doe (I.S.U.)" and "unidentified Supervising Sgt. John Doe"), subjected him to "cruel and unusual sexual invasion of privacy [and] sexual misconduct" when they forced him to do an "open-public full body strip search . . . [t]hen a rectum/cavity search." Dkt. 1 at 3. Furthermore, Defendant Patterson, who is a female officer, was present during the search and took "sexually suggestive photographs" of Plaintiff while he was partially nude. *Id.* Plaintiff also claims that Defendant Brown laughed at him during the cavity search. *Id.* at 5. Plaintiff adds that Defendants did not explain "the purpose of the photos . . . nor what authorize[d] them" to take such photos. *Id.*

Plaintiff claims that after he reported the incident, an investigation was conducted by Defendants Khan, Truett, and Kelly. (*Id.* at 4.) Plaintiff claims that their investigation was "flawed" and that they "covered up the conduct that occurred." (*Id.*)

Plaintiff claims that Defendant Hatton "failed to correct this underground conduct of I.S.U. staff, and continues to allow this treatment to occur . . . ." *Id.* Plaintiff adds that Defendant Kernan "denied correction and training of these rouge actions of CTF Staff . . . violating Plaintiff [by] continuing to use female staff to conduct unsecure, non-emergency strip searches of male inmates (cross-gender)." *Id.*

Plaintiff claims that such treatment of inmates has violated his constitutional rights and that female correctional officers are still being allowed to take partially nude photographs of male inmates. *Id.* at 6. Liberally construed, Plaintiff's allegations are sufficient to state cognizable claims for the violation of his rights under the Eighth Amendment. *See Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc); *Byrd v. Maricopa Cty. Bd. of*

*Supervisors*, 845 F.3d 919, 922-25 (9th Cir. 2017).

### 2. Claims Against Doe Defendants

Plaintiff identifies "John Doe (I.S.U.)" and "unidentified Supervising Sgt. John Doe" whose names he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id*. Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against these Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn these Doe Defendants' identities through discovery, he may move to file an amended complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim against Defendants.

2. The claims against the Doe Defendants are DISMISSED WITHOUT PREJUDICE

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (dkt. 1) and all attachments thereto and a copy of this Order to: **CDCR Secretary Scott Kernan; CTF Warden S. Hatton; CTF Correctional Lieutenant V. Khan; CTF Sergeant Kelly; CTF Correctional Officers Z. Brown and S. Patterson; and CTF Appeals Coordinator Truett.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the California State Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the

cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

     5.     Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

     a.     No later than ninety **(90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

     b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result

4

> of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce *evidence* in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c.    Defendants shall file a reply brief no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

    d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.    All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: January 5, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge