| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | |
| JAMES DAVID WILLIAMS,<br>    Plaintiff,<br>v.<br>SCOTT KERNAN, et al.,<br>    Defendants. | Case No. 17-cv-03538-YGR (PR)<br><br>**ORDER DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION** |

Plaintiff, a state prisoner currently incarcerated at the California Training Facility ("CTF"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against these Defendants: California Department of Corrections and Rehabilitation Secretary Scott Kernan; Investigative Services Unit ("ISU") Lieutenant V. Khan; ISU Sergeant S. Kelley ; ISU Correctional Officers Z. Brown and Officer S. Patterson; CTF Appeals Coordinator J. Truett; and two Doe Defendants. Upon review of Plaintiff's complaint, the Court found that Plaintiff had stated a cognizable Eighth Amendment claim against Defendants.

On June 6, 2018, Defendants filed a motion to dismiss and motion for summary judgment. Plaintiff filed an opposition, and Defendants filed a reply. In a separate but concurrently filed Order, the Court has granted Defendants' motion to dismiss and motion for summary judgment as to the Eighth Amendment claim. The Court also granted Plaintiff's requests to amend the complaint to add CTF Correctional Sergeant S. Rodriguez and CTF Correctional Officer R. Salas as named Defendants as well as to serve these newly-added Defendants.

However, upon closer review of the legal arguments made by Plaintiff in opposition to the dispositive motion, in conjunction with a further evaluation of Plaintiff's complaint, it became apparent to this Court that Plaintiff's complaint reveals additional claims that were not mentioned in earlier Orders. Specifically, Plaintiff's complaint shows that he also provided sufficient facts and alleged cognizable claims that his Fourth and Fourteenth Amendment rights were violated by Defendants Brown, Patterson, Rodriguez, and Salas. *See Bull v. San Francisco*, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc) (noting that the Fourth Amendment applies to the invasion of

bodily privacy in prisons); *Armendariz v. Penman*, 75 F.3d 1311, 1320 (9th Cir. 1996) ("the Fourteenth Amendment protects against a State's interferences with personal decisions relating to marriage, procreation, contraception, family relationships, child rearing, and education, as well as with an individual's bodily integrity") (internal quotation marks omitted), *overruled in part on other grounds by Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 856 (9th Cir. 2007).

Defendants have not directly addressed the newly-identified Fourth and Fourteenth Amendment claims in a motion for summary judgment or other dispositive motion because the Court failed to previously serve those claims on Defendants. To that end, Defendants Brown, Patterson, Rodriguez, and Salas are directed to file a dispositive motion with respect to Plaintiff's Fourth and Fourteenth Amendments claims, or a notice that such a motion is unwarranted. The parties shall abide by the briefing scheduled outlined below.

## CONCLUSION

Defendants shall file a dispositive motion, or notice that no such motion is warranted, with respect to Plaintiff's Fourth and Fourteenth Amendments claim against Defendants Brown, Patterson, Rodriguez, and Salas. The motion is due no later than **ninety (90) days** from the filing date of this Order. Plaintiff's opposition is due no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Defendants shall file a reply within **fourteen (14) days** thereafter.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

IT IS SO ORDERED.

Dated: March 14, 2019

YVONNE GONZALEZ ROGERS
United States District Judge